# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SCOTT JAMES CRAFT,

              Plaintiff,

          v.

DIRECTOR OF CALIFORNIA STATE
DEPT. OF CORRECTIONS AND
REHABILITATION, et al.,

              Defendants.

Case No. CV 10-6687-VBF (JEM)

MEMORANDUM AND ORDER
DISMISSING COMPLAINT WITH LEAVE
TO AMEND

      On September 20, 2010, Scott James Craft ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

## SCREENING STANDARDS

      In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

1    A complaint may be dismissed as a matter of law for failure to state a claim for two
2    reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has
3    alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,
4    901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on
5    which relief may be granted, allegations of material fact are taken as true and construed in
6    the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
7    1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual
8    allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of
9    a civil rights complaint may not supply essential elements of the claim that were not initially
10   pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
11   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

12   Although a complaint "does not need detailed factual allegations" to survive
13   dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic
14   recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,
15   550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in
16   Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations
17   sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely
18   possible or conceivable.  Id. at 557, 570.

19   Simply put, the complaint must contain "enough facts to state a claim to relief that is
20   plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents
21   enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.
22   Iqbal, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009).  This standard is not a probability
23   requirement, but "it asks for more than a sheer possibility that a defendant has acted
24   unlawfully."  Id.   A complaint that pleads facts that are merely consistent with liability stops
25   short of the line between possibility and plausibility.  Id.

26   In a pro se civil rights case, the complaint must be construed liberally to afford
27   plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621,
28   623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a

1   claim, the plaintiff should be given a statement of the complaint's deficiencies and an

2   opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by

3   amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also

4   Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

5        After careful review and consideration of the Complaint under the relevant standards

6   and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim

7   on which relief may be granted and **ORDERS** the Complaint **DISMISSED WITH LEAVE TO**

8   **AMEND.**

9                            **PLAINTIFF'S ALLEGATIONS**

10       Plaintiff alleges the following in his Complaint:

11       Plaintiff is a state prisoner who previously was housed in the California State Prison-

12   Solano ("CSP-Solano") and presently is housed in the California State Prison-Soledad

13   ("CSP-Soledad").  Plaintiff purports to bring this case as a class action on behalf of himself

14   and other similarly situated prisoners.  (See Complaint at 4.)

15    **Claim I**

16       The California Department of Corrections and Rehabilitation ("CDCR") has installed

17   Sloan Valve Co. Flush-o-meters on all toilets, which shuts off the toilet flushing mechanism

18   for an hour if a toilet is flushed more than twice in a five minute period.  (Complaint at 5.)

19   The installation of the Flush-o-meters violates Plaintiff's and other inmates' Eighth

20   Amendment rights to be free from cruel and unusual punishments because, if the toilet is

21   rendered inoperable for an hour, inmates are forced either to hold their bodily functions for

22   an hour or use a dirty toilet and also are exposed to infectious waste.  (Id.)

23       Defendants J.A. Nuehring, Facility Captain at CSP-Solano, the Director of CDCR,

24   and Does 1-101 imposed "underground regulation outside of their authority, and without

25   legislative approval to punish prisoners" by installing the Flush-o-meters.  (Complaint at 5.)

26   Plaintiff seeks to have the Flush-o-meters deactivated, the flush duration increased to 3.0

27   gallons from 1.8 gallons, and punitive damages.  (Complaint at 5.1.1.)

28

<u>Claim II</u>

Defendants J.A. Nuehring, Director of CDCR, N. Grannis, M.D. Corioso, D.K. Sisto, and Does 1-101 violated Plaintiff's Fifth and Fourteenth Amendment Rights to due process by installing the Flush-o-meters.  The lock-out from the toilet for one hour is almost always triggered by the person who just used the toilet, which forces the "innocent" cellmate to hold his bodily functions for an hour or use a dirty toilet.  The close proximity to infectious waste is a health and safety hazard.  (Complaint at 5.1.2-5.1.3.)

<u>Claim III</u>

Defendants J.A. Nuehring, Director of CDCR, N. Grannis, M.D. Corioso, and D.K. Sisto were deliberately indifferent to the unsafe prison conditions caused by the Flush-o-meters, in violation of the Eighth Amendment.  (Complaint at 5.2.1.)

**DISCUSSION**

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.    Plaintiff Must Name All Defendants In the Caption**

Plaintiff names only the Director of CDCR and Does 1-101 as defendants in the caption of the Complaint.  (Complaint at 1.)  In the body of the Complaint, however, Plaintiff makes allegations against numerous defendants not named in the caption, including:  J.A. Nuehring, N. Grannis, M.D. Corioso, and D.K. Sisto.

The individuals or entities named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action.  If Plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim.  <u>See</u> Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); <u>see</u> <u>also</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).  The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

4

## II.   Plaintiff Cannot Bring This Action on Behalf of Other Prisoners

Plaintiff purports to bring this action as a class action but he cannot file a class action on behalf of other prisoners pro se.  See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); Church of the New Testament v. United States, 783 F.2d 771, 774 (9th Cir. 1986) ("[N]on-attorney litigants may not represent other litigants.").  If Plaintiff chooses to file an amended complaint, it must be brought on his own behalf and not on behalf of any other plaintiff.

## III.   Eleventh Amendment Immunity

Plaintiff purports to sue all defendants in their official capacities.  (Complaint at 5.2.1.) He seeks monetary damages.  (Complaint at 6.)  Defendants are officers or employees of the CDCR.  The Eleventh Amendment bars suits for damages against a state or state agency unless the state or agency consents to the suit.  See Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241(1985), superseded in other respects by Civil Rights Remedies Equalization Amendment of 1986, 42 U.S.C. § 2000d-7; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53 (1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Quern v. Jordan, 440 U.S. 332, 342 (1979).  The CDCR is a state agency entitled to Eleventh Amendment immunity.  Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969); see also Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (holding that California prisons are entitled to immunity).  State officers acting in their official capacities receive the same immunity as the government agency that employs them.  Hafer v. Melo, 502 U.S. 21, 25 (1991).  Thus, a state prison official sued for damages in his or her official capacity is entitled to Eleventh Amendment immunity.  Id. at 25; Sellars v. Procunier, 641 F.2d 1295, 1301 at n. 13 (9th Cir. 1981) (finding state prison officials immune under the Eleventh Amendment).  A state official is not immune, however, when sued in an official capacity for prospective relief.  Will v. Michigan Dep't State Police, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official, in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective

1  relief are not treated as actions against the State.'") (quoting Kentucky v. Graham, 473 U.S.

2  159, 167 n. 14 (1985)); see also Douglas v. California Dept. of Youth Authority, 271 F.3d

3  812, 817-18 (9th Cir. 2001), as amended 271 F.3d 910 (9th Cir. 2001). Nor is the official

4  immune when sued for damages in an individual capacity.  Hafer v. Melo, 502 U.S. at 30-31.

5  Accordingly, defendants are immune from Plaintiff's official-capacity damages claims but are

6  not immune from Plaintiff's declaratory relief claims or Plaintiff's damages claims against

7  them in their individual capacities.  Plaintiff's claims for damages against the defendants in

8  their official capacities must be dismissed.

9  **IV.   Eighth Amendment**

10        Plaintiff fails to state a claim under the Eighth Amendment.  The Eighth Amendment's

11  prohibition against cruel and unusual punishment imposes duties on prison officials to

12  "provide humane conditions of confinement."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).

13  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and

14  medical care."  Id.

15        Establishing a violation of the Eighth Amendment requires a two-part showing.  First,

16  an inmate must objectively show that he was deprived of something "sufficiently serious."

17  Farmer, 511 U.S. at 834.  A deprivation is sufficiently serious when the prison official's act or

18  omission results "in the denial of 'the minimal civilized measure of life's necessities.'"  Id.

19  (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The inmate must then make a

20  subjective showing that the deprivation occurred with deliberate indifference to the inmate's

21  health or safety.  Id. (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)); see also Foster

22  v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009).  It is settled that "subjection of a prisoner to

23  lack of sanitation that is severe or prolonged can constitute an infliction of pain within the

24  meaning of the Eighth Amendment."  Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th

25  Cir. 1995).  Imposition of sanitary limitations that are no more than temporary, however, do

26  not run afoul of the Eighth Amendment.  Id. at 1315.

27        Here, Plaintiff alleges that the toilets are shut off if they are flushed more than twice

28  in a five minute period, and then only for a one hour period.  Any sanitary limitation caused

1   by operation of such a timer is, at most, temporary.  Plaintiff's allegations do not

2   demonstrate a deprivation that is sufficiently serious to violate the Eighth Amendment.

3   Thus, Plaintiff has failed to state a cognizable claim for relief under the Eighth Amendment.

4   **V.    Due Process**

5          Plaintiff also fails to state a due process claim.  The requirements of due process

6   apply only to the deprivation of interests encompassed by the Fourteenth Amendment's

7   protection of liberty and property.  Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

8   Challenged prison conditions cannot give rise to a due process violation unless those

9   conditions constitute "atypical and significant hardship on the inmate in relation to the

10  ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence."

11  Sandin v. Connor, 515 U.S. 472, 484, 487 (1995).

12         Here, the installation of the Flush-o-meters does not rise to the level of a

13  constitutional violation.  There is no allegation that the installation of the Flush-o-meters has

14  anything to do with the duration of Plaintiff's confinement.  Plaintiff also has not alleged any

15  facts showing that the installation of the Flush-o-meters is the type of atypical, significant

16  deprivation that would constitute a liberty interest under Sandin.  Notably, the Ninth Circuit

17  has found no protected liberty interest under circumstances where an immediate and

18  considerably greater impact on a prisoner's confinement has been shown.  See, e.g., Myron

19  v. Terhune, 476 F.3d 716, 718-19 (9th Cir. 2007) (holding higher classification level for

20  prisoner and refusal to allow prisoner to publish and distribute inmate publication not

21  atypical and significant deprivations); Mitchell v. Dupnik, 75 F.3d 517, 523 (9th Cir. 1996)

22  (holding violation of jail regulation requiring inmates be present when legal papers searched

23  not dramatic departure from basic conditions of incarceration sufficient to create liberty

24  interest); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (holding no protected liberty

25  interest implicated when inmate placed in disciplinary segregation for fourteen days); Smith

26  v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993) (holding no protected liberty interest in

27  remaining in general prison population).

28

* * * * * * * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.  Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: <u>November 29, 2010</u>                  <u>            /s/ John E. McDermott            </u>
                                                                    JOHN E. MCDERMOTT
                                                       UNITED STATES MAGISTRATE JUDGE